BARFIELD, Judge,
Dissenting:
I respectfully dissent to the affirmance of the conviction in this ease.
Appellant and a passenger, two black males, while driving in a maroon Jaguar, were stopped by police who were responding to a BOLO (Se On the Look Out) radio transmission based on an anonymous tip. The BOLO alerted them to look for a black suspect named Smith, possibly carrying an Uzi machine gun and driving a red Jaguar. The officer explained to appellant the purpose of the stop, and both appellant and passenger were patted down for weapons and then placed in separate police cars. Appellant was detained there for a total period of between 5 and 15 minutes. The officer discovered that appellant was Zachery Peterson and the Jaguar tag was registered to him. A warrant check on Peterson revealed nothing. While Peterson sat in the police car, the officer was notified over the police radio that suspect Smith had been located elsewhere.
Continued detention of the appellant in the absence of at least articulable and reasonable suspicion that the vehicle or the occupant was subject to seizure for violation of law is unreasonable under the Fourth Amendment, and is precisely the type of conduct condemned in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Following the lifting of the BOLO by the same means it was originally communicated, any continued detention of appellant was nothing more than a random stop. Obtaining the “consent” of the appellant for the search of bis vehicle and locked attache ease while holding him in unlawful detention cannot elevate these facts to a lawful search and seizure. Bailey v. State, 319 So.2d 22 (Fla.1975).
The officers testified that even though they did hear a radio dispatch suggesting that Smith was located, such information is not always reliable, and they pursued appellant’s consent to search to insure that they did not have the correct suspect. The trial judge may choose not to question the credibility of the officers, but he cannot ignore the effect of their testimony to eliminate the basis for the initial stop. Police radio transmissions are either reliable or unreliable. If reliable in transmitting the BOLO, then the transmission lifting the BOLO was reliable. If the second transmission was unreliable, the first transmission was unreliable. Unreliable information cannot support a “founded suspicion.”
The trial court should have granted appellant’s motion to suppress and dismissed the charges against him.